# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

    **1:22-CR-00132 (TNM)**

ANTHIME GIONET,

    Defendant.

## RESPONSE TO GOVERNMENT'S MOTION TO HOLD DEFENDANTS MOTION TO TERMINATE PROBATION IN ABEYANCE

Defendant, Anthime Gionet, through counsel, filed a motion to terminate probation as an illegal sentence. The Government failed to directly respond but collaterally attacks Mr. Gionet's motion by moving the Court to defer judgment. Mr. Gionet herein responds to the governments motion and submits the following in response:

## I. THE GOVERNMENT ASKS THIS COURT TO PERPETUATE AN ILLEGAL SENTENCE

On January 10, 2023, this Court sentenced Mr. Gionet to 60 days incarceration followed by 24 months of probation for a misdemeanor. None of the parties had the luxury of having a bright line rule regarding the issue of a court ordered split sentence of jail and probation at the time of sentencing. However, both the Government and the District of Columbia Circuit

1

Court had knowledge that particular issue was being challenged or likely to be challenged as the issue was addressed in multiple sentencing memorandums.

Now, with the determinative rule that the sentence is illegal under United States v. Little, 78 F.4th 453 (D.C. Cir. 2023), there can be no question as to whether the sentence is allowed to exist, or it is not. It is not. It cannot continue to exist and yet the government asks this Court to perpetuate an illegal sentence.

Holding Mr. Gionet's motion in abeyance is not an option for this Court. A proverbial "pause" on Mr. Gionet's request would directly cut against and be in violation of the decision in Little. Now that the issue has been raised in light of the decision in Little, this Court must take action. Neither is abeyance an option nor is it necessary or appropriate.

## II.     OPTIONS BEFORE THIS COURT

### A. Abeyance is a Moot Request Solely For the Purpose of Delay

The Government fails to argue why abeyance is the appropriate course of action for this Court. Further, the Government in this instance does not indicate that they are advocating for re-sentencing. The Government's motion merely asks the Court to wait. With no indication what the Governments intentions are, other than to wait, the Government, with their motion granted, could decide after a decision in Caplinger that the issue is moot (because the ruling could come after Mr. Gionet has completed or nearly completed probation). Further, with no indication the Government is even seeking re-sentencing, judicial resources are wasted holding this matter in abeyance. Additionally, the Government does not contemplate or even address the wrong created should Caplinger be decided against re-sentencing. In North Carolina v. Pearce, 395 U.S. 711, 89

S. Ct. 2072, 23 L. Ed. 2d 656 (1969), (overruled only as to a resentencing after a trial after sentence was invalidated from a plea) by Alabama v. Smith, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989) the Supreme Court addressed re-sentencing due to constitutional error and indicated that imposition of a heavier sentence to penalize convicted person who chose to exercise his rights would be unconstitutional.

Here, the error is not constitutional, nor is this a challenge from a state court, however, like in Pearce, re-sentencing is at issue. The same logic holds true. Any heavier penalty after re-sentencing would be a violation of Mr. Gionet's Due Process rights. Again, the parties were aware of the possible illegality of a split sentence. Presumably the Court sentenced Mr. Gionet knowing that the sentence may later be determined to be illegal. It is surmisable that the Court sentenced Mr. Gionet with these factors in consideration. Therefore, when the sentence, as has happened here, has been determined to be illegal, any harsher punishment after would be a violation of Due Process. Even if the Court was to re-sentence Mr. Gionet, it cannot impose a harsher sentence. In addition, the Defendant adopts all of the former legal issues raised in the Defendants motion to terminate probation that the Government chose not to provide argument against.

**B.  Terminate Probation**

Mr. Gionet has completed all the terms of his sentencing as asked of him. The government filed a similar motion to hold in abeyance in United States v. Suzanne Ianni, 1:21-cr-451-CJN and the Honorable Judge Nichols denied the governments motion and terminated probation, stating, "Even if the Court has the authority to resentence Defendant (a question it does not decide at this time), additional punishment beyond what she has already served would not be warranted under 18 U.S.C. § 3553(a). Here, like in Ianni, even if the Court could re-sentence Mr. Gionet, additional

3

punishment is not warranted. The government, in their own motion, had to concede that Mr. Gionet's compliance has been, "commendable." A viable argument for increased punishment would be tenuous at best. Far be it from this Counsel to lecture the Court on the purpose of punishment in criminal matters but the parties ought to view this situation from that very simplistic originating purpose of criminal punishment – Deterrence - Rehabilitation.

Arguably the best predictor of future behavior is that of the Defendant's behavior not just presently (which has been stellar) but that which has already been mentioned by counsel in previous motions and memos which includes compliance with all of the pretrial release conditions as well as post sentencing terms. Even if we are all to assume from the Governments motion that they desire re-sentencing, and they in fact were able to go through a second sentencing of Mr. Gionet, their argument would rest solely on Mr. Gionet being punished greater just for the sake of punishment. Neither can an argument be made that Mr. Gionet is not deterred nor that he is not rehabilitated, which is evident from the fact that the Government makes no such argument in their motion.

### III. **CONCLUSION**

Mr. Gionet has been in full compliance with all of the terms of this Court's Judgment Order on this matter. He has served his term of incarceration. This Court must act to protect the Constitutional Rights of Mr. Gionet not to suffer further than he already has from an illegal sentence. The interests of justice require termination of his probation. Therefore, Mr. Gionet respectfully requests this Court to Deny the Governments motion without delay and terminate Mr. Gionet's probation.

Respectfully submitted this 16th day of January 2024.

                    **THORNLEY LAW FIRM, P.C.**

            /s/Zachary Thornley
            Pro Hac Vice Admission
            Arizona State Bar No: 032363
            Thornley Law Firm, PC.
            18441 N 25th Ave., Ste. 103
            Phoenix, AZ. 85023
            Courts@ThornleyLawFirm.com
            (602) 686-5223 (Office)
            (928) 433-5909 (Fax)
            ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 16, 2024, I caused a copy of the foregoing motion to be served on counsel of record via efiling.

                                       /s/ Zachary J. Thornley
                                       Zachary J. Thornley
                                       Attorney for the Defendant